### HUBBARD *v.* THOMPSON.[*]

*(Circuit Court, E. D. Missouri. December 14, 1882.)*

COPYRIGHT—INFRINGEMENT—PRELIMINARY INJUNCTION—ACCOUNT.

Where a bill for the infringement of a copyright stated that the copyright claimed to have been infringed had been assigned to the complainant by the defendant, and charged the defendant with having infringed said copyright by the publication of a book therein described, and in the prayer asked for a preliminary injunction, an accounting, etc., and where affidavits were filed against the injunction, which tended to prove that the contract which complainant claimed had operated as an assignment of said copyright had not been intended to so operate; that the agreements therein, to be performed by complainant, had not been performed by him; that said contract had been abrogated before the book complained of had been published; and that the publication of said book had not infringed said copyright,—*held*, that an injunction *simpliciter* should be refused, but that defendant should be required to give a bond to answer to any damages that might be adjudged against him in the case, and that he should be required to preserve an account of all the copies of said book which he had disposed of, and keep an account of all of said books which he might thereafter dispose of.

In Equity. Motion for a provisional injunction.

The bill in this case charges the defendant with having infringed the copyright of a book entitled the "Illustrated Stock-Doctor and Live-Stock Encyclopedia," alleged to have been assigned by him to the complainant. The alleged infringement consists in the publication by defendant of a book entitled "The American Farmers' Pictorial Cyclopedia of Live-Stock." The prayer of the bill asks for an accounting and damages, and that defendant be first preliminarily

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

and subsequently permanently enjoined from publishing and selling, or offering for sale, any copy or copies of the infringing publication. Numerous affidavits were filed for and against the preliminary injunction. Those against the injunction tended to prove that the copyright of the "Illustrated Stock-Doctor and Live-Stock Encyclopedia" had not been assigned as alleged, to complainant; that the contract alleged to have operated as an assignment contained agreements to be performed by complainant which he had failed to perform; that said contract had been abrogated before the publication of "The American Farmers' Pictoral Cyclopedia;" that this latter work was an original compilation, and that its publication had not infringed the copyright on the "Illustrated Stock-Doctor and Live-Stock Encyclopedia."

*Josiah R. Sypher* and *S. M. Breckinridge,* for complainant.

*John B. Henderson* and *Kerr, Gibson & Kerr,* for defendant.

TREAT, D. J. It is not advisable, in passing on this motion, to elaborate the views of the court; for the case must go to final hearing on the merits.

It must suffice to say that the relationship of the parties to the controversy is complicated by the alleged contract between them, and its alleged abrogation. Whether the original contract and its alleged abrogation covered the *copyright,* is yet to be determined; also the question of non-performance of covenants. It may be that defendant's compilation is substantially a reproduction, within the rules of law, of plaintiff's publication, or it may be otherwise; yet upon this motion, under the doubts existing, the rule in equity requires, and it is so ordered, that instead of an injunction *simpliciter,* that the defendant give a bond in the sum of $5,000, with John P. Hilfenstein as surety, to answer to any damages that may be adjudicated against him in this case; and that he keep an account of all the books by him hereafter sold or otherwise disposed of, and preserve an account of those heretofore sold and disposed of, which the plaintiff alleges are covered by the terms of the contract between them and the supposed assignment of the copyright in the bill mentioned; that is, of "The American Farmers' Pictorial Cyclopedia of Live-Stock," etc., published by the defendant.