### THE GOLDEN ROD (two cases).

(Circuit Court of Appeals, Second Circuit. January 30, 1907.)

Nos. 121, 122.

**1. MARITIME LIENS—STATUTORY LIENS—SUPPLIES AND REPAIRS.**
    Under a state statute, as well as under the general maritime law, a lien will not attach to a vessel for supplies or repairs unless it appears that credit was given to the vessel.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Maritime Liens, §§ 12, 30.]

**2. SAME.**
    A vessel *held* subject to liens under the New York statute for work and materials furnished for repairs in her home port on orders given by one in charge representing the owner and on the credit of the vessel, although

she was in possession of another under a conditional sale; libelants having no knowledge of such fact or of facts to put them on inquiry.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Maritime Liens, §§ 4-6, 26.]

Appeal from the District Court of the United States for the Eastern District of New York.

Herbert Green and Wilcox & Green, for appellant.

George L. Robinson and Robinson & Robinson, for appellees.

Before LACOMBE, TOWNEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The claims in these two causes are against the vessel whose situation we discussed in the opinion in Consolidation Coal Co. v. The Golden Rod (handed down herewith) 151 Fed. 6. They arose while the vessel was in the possession of Durlacher, with Bliven actually or technically on board as the representative of Watt.

There is no question here of any lien under general maritime law since the work and materials were furnished in New York City, the home port of the vessel. The libelants rely solely on the statute of the state of New York (Laws 1897, pp. 526, 527, c. 418, as amended by chapter 246, p. 494, Laws 1904, §§ 30, 32); notice of lien having been duly filed, as required by the act, in the office of the county clerk. Under a state statute, however, as well as under the general maritime law, a lien will not attach unless it appears that credit was given to the ship. This court so held, after a careful discussion of the authorities, in The Electron, 74 Fed. 689, 21 C. C. A. 12. Apparently a contrary opinion has been reached in the First circuit (The Iris, 100 Fed. 104, 40 C. C. A. 301), but we find in that circumstance no reason for modifying our former opinion, which seems to be in accord with the views of the Supreme Court in The J. E. Rumbell, where, referring to the two varieties of lien, general maritime and local created by state statute, the court says: "Each rests upon the furnishing of supplies to the ship, on the credit of the 'ship herself.'"

The testimony in both causes shows that the labor and material, which were ordered by Bliven, the owner's representative, were furnished upon the credit of the vessel, and, although there is some dispute between the witnesses, we are satisfied that the respective libelants did the work and furnished the materials without knowledge that the owner had chartered the boat, or turned over her possession under some conditional sale, and with no information as to any circumstances which should indicate the necessity of further inquiry as to her situation.

The decrees are affirmed, with interest and costs.